IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD S. KINDLE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 09-581-GPM ) |
| STATE'S ATTORNEY MICHAEL WEPSIEC, JACKSON COUNTY SHERIFF ROBERT BURNS, and MURPHYSBORO CHIEF OF POLICE JEFFREY BOCK, | ) ) ) ) ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff, Edward Kindle, filed this civil action on July 30, 2009. He seeks to proceed in forma pauperis and to obtain service of process at the Government's expense (Docs. 2, 3). For the reasons that follow, his motions are denied.

A federal court is authorized under 28 U.S.C. § 1915(a)(1) to permit an indigent party to proceed in a civil action without prepaying the filing fee if two conditions are met: (1) the petitioner is indigent, and (2) the action is neither frivolous nor malicious. *See, e.g., Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 757-58 (7th Cir. 1981); *Free v. United States*, 879 F.2d 1535 (7th Cir. 1989). The Court need not decide whether Kindle is indigent, because it cannot find that his action is neither frivolous nor malicious. *See Jones v. Morris*, 777 F.2d 1277, 1279-80 (7th Cir. 1985) (holding that a complaint is deemed frivolous when a petitioner can make no rational argument in law or facts to support his claim for relief).

First, Kindle used this district's form for prisoner civil rights complaints to file his lawsuit. There is no indication that Kindle is a prisoner. And, although Kindle checked the box for a civil complaint pursuant to the Federal Tort Claims Act, the named defendants are not federal employees, and the Court sees no viable claim under this statute.

Instead, the allegations of the complaint suggest that Kindle is seeking to lodge a civil rights claim pursuant to 42 U.S.C. § 1983 against the Jackson County, Illinois, State's Attorney, Michael Wepsiec; the Jackson County Sheriff, Robert Burns; and the Murphysboro, Illinois, Chief of Police, Jeffrey Bock. His claim stems from an incident in July 2006 involving an alleged trespassing on Kindle's property. Kindle alleges that the Sheriff's Department improperly handled his complaint concerning the alleged trespassing, and he is upset that the State's Attorney never filed charges against the alleged trespasser or granted him an Order of Protection against various utility companies. Kindle admits that he received a letter which informed him that the State would not prosecute in October 2006.[1] Kindle also alleges that in July 2006 a Murphysboro Police Officer (Defendant Bock) went onto his property and allowed another individual to remove "NO TRESPASS" signs. Setting aside for now any issues of absolute and qualified immunity which likely bar Kindle's claims, the Court sees another insurmountable obstacle to Kindle's lawsuit: the statute of limitations.

Section 1983 does not contain a statute of limitations, but the United States Supreme Court has decided that a federal court must apply the state's statute of limitations for personal injury claims. In Illinois, that period is two years. *See Ashafa v. City of Chicago*, 146 F.3d 459, 461-61

---

[1] Although Kindle indicates that a copy of this letter is attached to his complaint, it is not (*see* Doc. 1).

(7th Cir 1998). Because Kindle has alleged that he was aware in October 2006 that no action would be taken by the prosecutor's office, and there are no allegations that anything new happened after that point, his claims appear to be barred by the statute of limitations.[2] For this reason, the Court cannot allow Kindle to proceed without prepayment of fees and costs and will not order service of process at the Government's expense.

Accordingly, the motion for leave to proceed in forma pauperis (Doc. 2) and the motion for service of process at the Government's Expense (Doc. 3) are **DENIED**. Kindle shall pay the $350.00 filing fee for this action within 14 days of the date of this Order. If the filing fee is paid in full, the Court will authorize the issuance of summons, but Kindle will be responsible for obtaining proper service of process on his own. Failure to pay the filing fee as ordered will result in the dismissal of this action with prejudice.

**IT IS SO ORDERED.**

DATED: 08/04/09

                                           s/ *G. Patrick Murphy*
                                           G. Patrick Murphy
                                           United States District Judge

---

[2] Although Kindle alleges that "as recently as 2/2009" State's Attorney Wepsiec still refused to allow him "to file a violation of my property rights," this allegation relates back to the events in 2006.